IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | | |
|---|---|---|
| NBSC, a division of Synovus Bank, | ) | CA 7:17-cv-00737-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **CONSENT ORDER FOR** |
| | ) | **FORECLOSURE AND SALE** |
| Clarence W. Webber a/k/a Clarence Webber III a/k/a Clarence W. Webber, III a/k/a Clarence William Webber, III; Arthur State Bank; Ditech Financial LLC; Catherine E. Wingo; Karen E. Hollifield; South Carolina Department of Revenue; Discover Bank and United States of America, by and through its agency, the Internal Revenue Service, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the consent of the below-indicated parties to an Order for Foreclosure and Sale. This case is a mortgage foreclosure action. The Plaintiff is the owner of a Note, a Mortgage, and related documents executed by Defendant Clarence W. Webber a/k/a Clarence Webber III a/k/a Clarence W. Webber, III a/k/a Clarence William Webber, III ("Clarence Webber"). The other Defendants are junior lienholders whose liens on the property in question will be foreclosed in this action, but with those Defendants retaining the right to seek surplus funds after the sale of the property, if such funds exist, and with the Defendant Internal Revenue Service's statutory right of redemption being protected (such other Defendants, collectively with Clarence Webber, are hereafter referred to as "the Defendants").

**FACTS**

1

1. For value received, Clarence Webber made, executed and delivered to Plaintiff a promissory note dated March 22, 2012, promising thereby to pay the sum of Nine Hundred Eighty-Eight Thousand Nine Hundred and 00/100 ($988,900.00) Dollars, with interest thereon, the terms of which are more fully explained by reference thereto ("Note"). Other terms and conditions are stated in the Note, which is of record herein.

2. To better secure the payment of the Note described above, Clarence Webber made, executed and delivered to Plaintiff a Mortgage ("Mortgage") in writing, dated March 22, 2012, covering real property in Spartanburg County, which is the same as that described in the Complaint as the "Real Property." The Mortgage was recorded on April 2, 2012 and is of record in the Office of Register of Deeds for Spartanburg County in Mortgage Book 4566 at Page 938.

3. Thereafter, the Mortgage was modified by that certain Loan Modification Agreement dated April 24, 2013 and recorded April 29, 2013 in Book 4719 at Page 474 ("Modification A") and by that certain Loan Modification Agreement dated April 24, 2013 and recorded June 3, 2013 in Book 4733 at Page 995 ("Modification B"), the terms of which are more fully explained by reference thereto. Modification A and Modification B are collectively referred to as the "Modification."

4. The liens of the Defendants other than Clarence Webber are all junior to the lien of Plaintiff's Mortgage. The liens or claims of the Defendants on the Real Property are as follows:

   a. Arthur State Bank, by virtue of an Order for Judgment, filed against Clarence W. Webber, III, in the amount of $11,583.72 on July 14, 2015 under civil action no. 2014-CP-3155.

   b. Ditech Financial LLC, by virtue of any judgment which may be obtained in the pending suit against Clarence Webber, III, filed under civil action no. 2015-CP-42-5054.

   c. Catherine E. Wingo and Karen E. Hollifield, by virtue of a Confession of Judgment filed against Clarence William Webber, III, in the amount of $8,750.00, filed on November 28, 2016 under civil action no. 2015-CP-42-1491.

d. South Carolina Department of Revenue, by virtue of various tax liens filed against Clarence Webber as follows:

| Lien Number: | Lien Amount: | Recording Information: |
|---|---|---|
| 3-51840406-5 | $1,242.73 | 5/19/15 in Book S-121 at Page 478 |
| 3-51840405-8 | $1,230.78 | 5/19/15 in Book S-121 at Page 477 |
| 3-51840404-1 | $1,355.71 | 5/19/15 in Book S-121 at Page 476 |
| 3-51840403-4 | $1,371.62 | 5/19/15 in Book S-121 at Page 475 |
| 3-51840042-1 | $1,201.91 | 5/19/15 in Book S-121 at Page 474 |
| 3-51840041-4 | $1,687.43 | 5/19/15 in Book S-121 at Page 473 |
| 3-51840040-7 | $1,848.38 | 5/19/15 in Book S-121 at Page 472 |
| 3-51840039-1 | $1,564.39 | 5/19/15 in Book S-121 at Page 471 |
| 3-51840038-4 | $1,399.80 | 5/19/15 in Book S-121 at Page 470 |
| 3-51885913-9 | $32,860.08 | 10/22/15 in Book S-125 at Page 579 |

e. Discover Bank, by virtue of an Order of Default Judgment filed against Clarence W. Webber, III, in the amount of $14,037.91, filed on December 22, 2016 under civil action no. 2016-CP-42-2488.

f. United States of America, by and through its agency, the Internal Revenue Service, by virtue of a tax lien filed against Clarence Webber III in the amount of $151,875.34, on September 28, 2016 in Book 18 at Page 821.

5. On December 31, 2016, the Home Affordable Modification Program (HMP) was formally discontinued, and as such, the South Carolina Administrative Order 2009-05-22-01 has expired by operation of law and is no longer applicable.

6. Pursuant to the South Carolina Supreme Court's Administrative Order filed on May 2, 2011, the Notice of Mortgagor's Right to Foreclosure Intervention was served on the Defendant Clarence Webber on April 3, 2017. The Defendant Clarence Webber did not submit a Request to Participate in Foreclosure Intervention.

7. The Mortgage constitutes a valid first lien on the Real Property.

8. Payment due on the Note has not been made as provided for therein, and the Plaintiff, as the holder thereof, has elected to require immediate payment of the entire amount due

thereon and has placed the Note, Mortgage, and Modification in the hands of the attorney herein for collection.

9. The sum of Thirteen Thousand Eight Hundred Twenty-Five and 00/100 ($13,825.00) Dollars is a reasonable fee to allow as attorney fees for Plaintiff's attorney for services performed and anticipated to be performed until final adjudication of the within action under the terms of the Note, Mortgage, and Modification. Services anticipated to be performed until final adjudication contemplates completion of this matter within a reasonable time and does not include exceptional circumstances delaying conclusion beyond the normal time.

10. The amount due and owing on the Note, secured by the above-referenced Mortgage, with interest at the rate provided in the Note and other costs and expenses of collection, including an attorney's fee, is as follows:

| | | |
|---|---|---:|
| (A) | Principal Due | $940,876.99 |
| (B) | Interest to August 7, 2017<br>At 3.0%, Per Diem: $77.33 | $56,916.55 |
| (C) | Escrow Advances | $62,286.73 |
| (D) | Appraisals | $1,316.00 |
| (E) | Property Inspections | $1,233.32 |
| (F) | Cost of Collection prior to hearing (service, filing, etc.) | $1,713.50 |
| (G) | Attorney's Fee | $13,825.00 |

Total debt secured by Note and Mortgage,
including interest to August 7, 2017 **$1,078,168.09**

Interest for the period from the date shown in (B) above through the date of this judgment at above stated rate to be added to the above stated "Total Debt" to comprise the amount of the judgment

debt entered herein and interest after the date of judgment as set forth in 28 U.S.C. § 1961 should be added to such judgment debt to comprise the amount of Plaintiff's debt secured by the Mortgage through the date to which such interest is computed.

## **CONCLUSIONS OF LAW**

I, therefore, conclude as follows:

1. The Plaintiff should have judgment of foreclosure of the Mortgage and the mortgaged Real Property should be ordered sold at public auction after due advertisement.

2. The Plaintiff should have judgment against Clarence Webber pursuant to S.C. Code Ann. § 29-3-650 for the full amount due under the Note in the amount of One Million Seventy-Eight Thousand One Hundred Sixty-Eight and 09/100 ($1,078,168.09) Dollars, plus interest thereon.

3. The judgment entered against Clarence Webber shall be credited by the amount of the high bid entered at any subsequent foreclosure sale of the Real Property, as provided in S.C. Code Ann. § 29-3-650.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

1. The Home Affordable Modification Program (HMP) was formally discontinued on December 31, 2016, and as such, South Carolina Administrative Order 2009-05-22-01 has expired by operation of law and is no longer applicable.

2. Pursuant to the South Carolina Supreme Court's Administrative Order filed on May 2, 2011, the Notice of Mortgagor's Right to Foreclosure Intervention was served on the Defendant Clarence Webber on April 3, 2017. The Defendant Clarence Webber did not submit a Request to Participate in Foreclosure Intervention.

3. That there is due to the Plaintiff on the Note and Mortgage set forth in the Complaint the sum of One Million Seventy-Eight Thousand One Hundred Sixty-Eight and 09/100 ($1,078,168.09) Dollars, representing the Total Debt due Plaintiff as set out in paragraph ten *supra*, together with interest at the rate provided therein on the balance of principal from the date aforesaid to the date hereof.

4. The amount due in the preceding paragraphs (the "Total Debt" as set forth in paragraph ten *supra* and later accrued interest on the principal) shall constitute the total judgment debt against Clarence Webber and shall bear interest hereafter as set forth in 28 U.S.C. § 1961.

5. The judgment entered against Clarence Webber shall be credited by the amount of the high bid entered at any subsequent foreclosure sale of the Real Property, as provided in S.C. Code Ann. § 29-3-650.

6. Clarence Webber shall on or before the date of sale of the Real Property pay to the Plaintiff, or Plaintiff's attorney, the amount of Plaintiff's debt as aforesaid, together with the costs and disbursements of this action.

7. That on default of payment at or before the time herein indicated, the Real Property described in the Complaint, as hereinafter set forth, be sold by the United States Marshal or a duly authorized Deputy, after having advertised for sale the mortgaged premises once a week for four weeks prior to sale as required by 28 U.S.C. § 2002, at public auction, at Spartanburg, South Carolina, on some convenient sales day set by the Marshal and stated in the published notice of sale, on the following terms, that is to say:

(a) FOR CASH: The United States Marshal or a duly authorized Deputy shall require a deposit of 5% on the amount bid (in cash or equivalent) same to be applied on the

purchase price only upon compliance with the bid, but in case of non-compliance within twenty (20) days same to be forfeited and applied to the costs and any surplus pending further order of the Court.

    (b) Interest on the balance of the bid shall be paid to the day of compliance at the rate of 3.0%.

    (c) The sale shall be subject to taxes and assessments, existing easements and easements and restrictions of record, and any other senior encumbrances.

    (d) Purchaser to pay for the preparation of the deed, deed stamps and cost of recording the deed.

  8. Should the Plaintiff or Plaintiff's agent fail to appear at the time of the sale, the Real Property shall be withdrawn from sale and sold at the next available sales day upon the terms and conditions as set forth in this Judgment of Foreclosure and Sale.

  9. If Plaintiff is the successful bidder at the said sale, for a sum not exceeding the amount of costs, expenses and the indebtedness of Plaintiff in full, Plaintiff may pay to the United States Marshal only the amount of the costs and expenses crediting the balance of the bid on Plaintiff's indebtedness.

  10. Deficiency judgment being entered, the sale will remain open for thirty (30) days pursuant to S.C. Code Ann. § 15-39-720 (1976).

  11. That the United States Marshal will, by advertisement according to law, give notice of the time and place of sale and the terms thereof, and will execute to the Purchaser, or Purchasers, a deed to the premises sold. The Plaintiff, or any other party to this action, may become a purchaser at such sale, and that if upon such sale being made, the Purchaser, or Purchasers, should fail to comply with the terms thereof within twenty (20) days after date of sale,

then the United States Marshal may advertise the said premises for sale on the next, or some other subsequent sales day, at the risk of the highest bidder and so from time to time thereafter until a full compliance shall be secured.

12. The United States Marshal or a duly authorized Deputy shall apply the proceeds of the sale as follows:

FIRST: To the payment of the amount of the costs and expenses of this action, including any Guardian Ad Litem fee or fees of attorneys appointed under Order of Court;

NEXT: To the payment to the Plaintiff or Plaintiff's attorney, of the amount of Plaintiff's debt and interest or so much thereof as the purchase money will pay on the same;

NEXT: Any surplus will be held by the United States Marshal or a duly authorized Deputy pending further Order of this Court.

13. It is further ORDERED, ADJUDGED AND DECREED that in the event the successful bidder is other than the Defendant in possession herein, the United States Marshal or a duly authorized is ordered and directed to eject and remove from the premises the occupant(s) of the Real Property sold, together with all personal property located thereon, and put the successful bidder or his assigns in full, quiet and peaceable possession of said premises without delay, and to keep said successful bidder or his assigns in such peaceable possession.

14. And it is further ORDERED, ADJUDGED AND DECREED that the Defendant named herein, Clarence Webber, and all persons whosoever claiming under him, be forever barred and foreclosed of all right, title, interest, and equity of redemption in the said mortgaged premises so sold, or any part thereof.

15. IT IS FURTHER ORDERED that, pursuant to S.C. Code Ann. § 30-9-31 (Supp. 1987), the deed of conveyance made pursuant to said sale shall contain the names of only

the first-named Plaintiff and the first-named Defendant, and the Defendant who was the titleholder of the mortgaged property at the time of the filing of the notice of pendency of the within action, and the name of the grantee.  Said deed of conveyance shall be indexed in the grantor index by the Spartanburg County Register of Deeds in the name of the owner of record of subject property immediately prior to execution of the deed, as well as in the name of the United States Marshal who executes such deed as grantor.

16. The Defendant Internal Revenue Service's statutory right of redemption shall be protected.

17. The Court will retain jurisdiction to do all necessary acts incident to this foreclosure including, but not limited to, the issuance of a Writ of Assistance, any issues concerning the appraisal statutes, and disposing of any surplus funds consistent with the provisions that would be applicable under Rule 71(c) of the South Carolina Rules of Civil Procedure if were this case in state court.

18. The following is a description of the premises herein ordered to be sold:

> All that certain piece, parcel or tract of land lying and being in the County of Spartanburg, State of South Carolina, being shown and designated as containing 40.75 acres, more or less, upon a plat prepared for Interlink Development by Gramling Brothers Surveying, Inc., dated June 15, 2009 and recorded in Plat Book 164, Page 476, ROD Office for Spartanburg County.

> Also, that certain piece, parcel or lot of land lying and being in the County of Spartanburg, State of South Carolina, and being shown and designated as Lot 21-A, containing 0.18 acres more or less, upon a plat prepared for Clarence W. Webber by Gramling Bros. Surveying dated February 27, 2012, to be recorded in the ROD Office for Spartanburg County.

> Less and Excepting that property being shown and designated as Lot B, containing 0.18 acres, more or less, upon a plat prepared for Clarence W. Webber by Gramling Bros. Surveying, dated February 27, 2012, to be recorded in the Office of the ROD for Spartanburg County.

This being the same property conveyed to Clarence W. Webber by deed of Webber Properties, LLC, recorded in the Office of the Register of Deeds for Spartanburg County on April 2, 2012 in Book 100L at Page 899 and by deed of Joe L. Waller and Martha Lou Waller, recorded on April 2, 2012 in Book 100L at Page 896.

TMS No. 6-42-00-121.00
Property Address: 220 Fincher Road, Pauline

AND IT IS SO ORDERD.

                                                 s/Mary Geiger Lewis
                                                 United States District Court Judge

August 14, 2017
Columbia, South Carolina

| PLAINTIFF | DEFENDANTS |
|---|---|
| NELSON MULLINS RILEY & SCARBOROUGH LLP<br><br>By: /s/ B. Keith Poston<br>John T. Moore<br>Federal Bar No. 3978<br>E-Mail: john.moore@nelsonmullins.com<br>B. Keith Poston<br>Federal Bar No. 10599<br>E-Mail: keith.poston@nelsonmullins.com<br>1320 Main Street / 17th Floor<br>Post Office Box 11070 (29211-1070)<br>Columbia, SC 29201<br>(803) 799-2000<br><br>**Attorneys for NBSC, a division of Synovus Bank**<br><br>Columbia, South Carolina<br>August 10, 2017 | TALLEY LAW FIRM, P.A.<br><br>By: /s/ Scott F. Talley<br>Scott F. Talley<br>134 Oakland Avenue<br>Spartanburg, SC 29302<br>(864) 595-2966<br><br>**Attorneys for Clarence W. Webber a/k/a Clarence Webber III a/k/a Clarence W. Webber, III a/k/a Clarence William Webber, III**<br><br>Spartanburg, South Carolina<br>August 8, 2017<br><br><br>BETH DRAKE<br>United States Attorney<br><br>By: /s/George J. Conits<br>GEORGE J. CONITS<br>Assistant United States Attorney<br>55 Beattie Place, Suite 700<br>Greenville, South Carolina 29601<br>Telephone: (864) 282-2100<br>Facsimile: (864) 233-3158<br>E-mail: george.conits@usdoj.gov<br><br>**Attorneys for the United States of America, by and through its agency, Internal Revenue Service**<br><br>Greenville, South Carolina<br>August 8, 2017<br><br><br>/s/ Kiera C. Dillon<br>Kiera C. Dillon (District I.D. No.: 11206)<br>Counsel for Litigation<br>South Carolina Department of Revenue<br>Office for General Counsel for Litigation<br>PO Box 12265 |

|  | Columbia, SC 29211<br>Phone: (803) 898-5130<br>Fax: (803) 896-0171<br><br>**Attorneys for the South Carolina Department of Revenue**<br><br>Columbia, South Carolina<br>August 10, 2017<br><br><br>HARRISON, WHITE, SMITH & COGGINS, P.C.<br><br>By: /s/Donald C. Coggins, Jr.<br>DONALD C. COGGINS, JR.<br>Federal Bar I.D. No. 198<br>178 W. Main Street<br>P.O. Box 3547<br>Spartanburg, SC 29304<br>(864) 585-5100<br>(864) 542-2993 - fax<br>dcoggins@spartanlaw.com<br><br>**Attorneys for Defendants Catherine E. Wingo and Karen E. Hollifield**<br><br>Spartanburg, South Carolina<br>August 8, 2017 |
|---|---|